UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2023

Russelladrian Panopio Zagado,

                              Plaintiff,

               -against-

Commissioner of Social Security,

                              Defendant.

1:20-cv-09449 (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Plaintiff's counsel for attorney's fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b). (Pl.'s 5/17/2023 Mot., ECF No. 39 (re-filed with Cert. of Service at ECF No. 41).) The motion follows a favorable decision for Plaintiff Russelladrian Panopio Zagado ("Plaintiff") by the Commissioner of Social Security ("Commissioner") after remand. For the reasons set forth below, Plaintiff's counsel's motion is GRANTED.

Under 42 U.S.C. § 406(b)(1), the Court may award "a reasonable fee not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). In the instant case, Plaintiff's counsel is requesting $14,132.98 in attorney's fees for 38.2 hours of work, 30.9 hours of which were attorney time and 7.3 hours of which were paralegal time. (Olinsky Aff., ECF No. 40, ¶¶ 7, 10.) Although a full breakdown of Plaintiff's past due benefits was not included in the Notice of Change of Benefits letter sent to Plaintiff on May 13, 2023, the letter indicates that the agency withheld 25% of past due benefits totaling $26,132.98. (Olinksy Aff. ¶¶ 4-5 (citing Notice of Change of Benefits Letter, Olinksy Aff. Ex. B, ECF No. 40-2; *see also* Pl.'s 6/15/2023 Letter, ECF No. 46.)

Where, as here, Plaintiff and counsel entered into a valid contingency fee agreement, the Court reviews the arrangement "as an independent check" to assure a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted).

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'" *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372). A court then must consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id*. (quoting *Gisbrecht*, 535 U.S. at 808) (cleaned up).

Considering the relevant factors, the Court finds that the fee award sought is reasonable. The requested fee is not greater than 25% of past-due benefits;[1] there is no evidence or suggestion of fraud or overreaching and the award sought would not constitute a windfall. *Accord Fields*, 24 F.4th at 854-57.

As the parties note (Olinsky Aff. ¶ 8; 6/8/2023 Comm'r Letter, ECF No. 44), although attorneys may file for both EAJA and Section 406(b) fees, "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. However, Plaintiff seeks to refund $7,100.00, which constitutes his EAJA fee award minus $23 in expenses (*see* Stip. & Order, ECF No. 37; Olinsky Aff. ¶ 8), while the Commissioner asserts that Plaintiff should be directed to refund $7,123.00. (6/8/2023 Comm'r Letter at 1.) Because Plaintiff's counsel has provided no legal support for his contention that he should not have to refund expenses, the Court finds that he must refund to Plaintiff the entire EAJA award of $7,123.00. *See Jose C. v. Comm'r of Soc. Sec.*, No. 2:13-CV-00220 (JMC), 2019 WL 2950074, at *4 (D. Vt. July 9, 2019) (rejecting similar argument noting "nothing in the law authorizes [the plaintiff's counsel] to deduct expenses prior to refunding the smaller fee"); *see also Debra J. S. v. Comm'r of Soc. Sec.*, No. 5:15-CV-01385 (GTS) (DJS), 2020 WL 1180774, at *5 (N.D.N.Y. Mar. 12, 2020) (directing Olinsky to refund to the plaintiff the amount of fees and expenses obtained pursuant to the

---

[1] The Court notes that Plaintiff's representative at the agency level intends to seek $12,000 in fees (see Olinsky Aff. ¶ 6), such that the total fees paid by Plaintiff will not exceed 25% of past due benefits, even though the "25% cap applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b) for representation in court and at the agency level." *Linda N. v. Comm'r of Soc. Sec.*, No. 5:17-CV-00567 (ATB), 2019 WL 1292390, at *3 (N.D.N.Y. Mar. 21, 2019) (citing *Culbertson v. Berryhill*, 139 S. Ct. 517, 521-23 (2019)).

EAJA). Therefore, upon receipt of his Section 406(b) fee award, Plaintiff's counsel should refund to Plaintiff the sum of $7,123.00.

For the reasons set forth above, it is hereby Ordered that Plaintiff's counsel's motion for attorney's fees is GRANTED. Plaintiff's counsel is awarded $14,132.98 in fees but, upon receipt of this sum, Plaintiff's counsel should refund the previously paid EAJA fees of $7,123.00 directly to Plaintiff.

**SO ORDERED.**

DATED:      New York, New York
            June 16, 2023

_____
STEWART D. AARON
United States Magistrate Judge